IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Samuel A. Wilder, #258295,<br><br>        Plaintiff<br><br>    v.<br><br>Tarcia L. James, in her individual capacity as Nurse at McCormick Correctional Institution; Kellie L. Brewer, in her individual capacity as Nurse at McCormick Correctional Institution; and Asia Few, in her individual capacity as Correctional Officer at McCormick Correctional Institution,<br><br>        Defendants. | C/A. No. 2:16-1457-CMC<br><br><br><br><br><br>Opinion and Order |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights by denying him medical treatment. ECF No. 1.

On March 17, 2017, Defendants filed a motion for summary judgment. ECF No. 36. A *Roseboro* Order was mailed to Plaintiff the same day, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 37. After two extensions of time to file his response, Plaintiff filed a motion to correct the caption of the Complaint[1] and a response in opposition to the motion for summary judgment. ECF Nos. 48, 49. Defendants filed a reply (ECF No. 52), and Plaintiff filed a sur reply (ECF No. 53).

---

[1] The Magistrate Judge granted Plaintiff's motion to correct the caption to reflect Defendants were sued in their individual capacities. ECF No. 50.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On January 8, 2018, the Magistrate Judge issued a Report recommending Defendants' summary judgment motion be granted. ECF No. 54. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired, and Plaintiff's copy of the Report has not been returned to the court.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the Complaint, the motion and responses, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error in the Report's reasoning. Accordingly, the Report and Recommendation of the Magistrate Judge is

adopted and incorporated by reference. Defendants' motion for summary judgment (ECF No. 36) is granted, and this case is **dismissed with prejudice**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 31, 2018